**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **KEVIN BRADLEY,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 10 - 5633** |
| | : | |
| **ARIA HEALTH (formerly The Frankford** | : | |
| **Hospital of The City of Philadelphia),** | : | |
| | : | |
| **Defendant.** | : | |

_____

**DuBOIS, J.**                                                          **June 14, 2011**

**M E M O R A N D U M**

**I.      INTRODUCTION**

        This is a civil rights case in which plaintiff Kevin Bradley alleges that he was subjected to

reverse gender discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act (the "PHRA"), 43

Pa. Cons. St. § 951 et seq. Bradley asserts claims arising out of the termination of his

employment with defendant Aria Health ("Aria").

        Presently before the Court are defendant's Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6), and in the alternative, defendant's Motion for a More Definite

Statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons that follow, the

Court grants defendant's Motion to Dismiss and dismisses plaintiff's First Amended Complaint

without prejudice to plaintiff's right to file a second amended complaint within twenty days if he

can allege facts supporting his claim of termination of his employment based on gender animus.

## II.    BACKGROUND[1]

Bradley began his employment with Aria in December 2006, and was transferred to a management position on October 30, 2008. (First Am. Compl. ¶¶ 17-18.) Between November 2008 and January 2009,[2] Bradley overheard co-workers discuss the possibility that Anita Triotti, his immediate predecessor, would return to Aria. (Id. ¶¶ 19-21.) Specifically, Bradley learned that Triotti, who had left Aria to work elsewhere, was "unhappy" at her new company. (Id. ¶¶ 20-22.) Bradley also heard that female co-workers at Aria were socializing with Triotti outside the office. (Id.)

During a meeting on February 3, 2009, Bradley's supervisor, Joanne Kelly, and director, Lillian Carson, fired Bradley, citing performance issues with his work. (Id. ¶¶ 25, 28.) Kelly and Carson also mentioned that Triotti did not like her new job and wanted to return to Aria. (Id. ¶ 24.) Carson later informed Bradley that because of budget cuts, Aria did not plan to hire another person to replace him. (Id. ¶ 30.) Eighteen business days later, however, Aria re-hired Triotti to fill Bradley's former position. (Id.)

Bradley alleges that he was subjected to reverse gender discrimination in violation of Title VII and the PHRA. (Id. ¶ 1.) Specifically, he claims that Aria terminated him in favor of a

---

[1] The factual background is taken from plaintiff's First Amended Complaint and is set forth only to the extent necessary to address the questions before the Court.

[2] In the First Amended Complaint, Bradley states that he heard about Triotti's desire to return to Aria in December 2009 and January 2010, in addition to the conversation he overheard in November 2008. (First Am. Compl. ¶¶ 20-21.) This appears to be a typographical error. Following the time-line of events in the complaint, the Court concludes these conversations most likely occurred a year earlier, in December 2008 and January 2009.

"less qualified female" candidate who was friendly with other employees. (Id. ¶¶ 22, 26.) He also alleges that Aria's stated reasons for his dismissal were pretextual. (Id. ¶ 29.)

## III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff . . . ." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at

555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible claim for relief. Id.

## IV. ANALYSIS

### A. *Defendant's Motion to Dismiss*

Bradley's First Amended Complaint fails to aver a plausible claim of reverse gender discrimination because it does not allege a causal connection between his gender and his dismissal. As part of a Title VII claim, a plaintiff must allege that he was treated differently "because of" his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e. Bradley's First Amended Complaint does not allege such a causal connection, and therefore fails to state a plausible claim of reverse gender discrimination. Accordingly, Aria's Motion to Dismiss is granted.

Bradley raises three arguments in opposition to the instant motion; none is persuasive. First, Bradley contends that the facts surrounding his dismissal imply gender discrimination, because Aria hired a "less qualified female" in his place. This argument fails, as Bradley alleges no facts to support the conclusory statement that Triotti was a "less qualified" candidate. (See Pl.'s Resp. to the Mot. to Dismiss (citing First Am. Compl. ¶ 22).) To the contrary, the fact that Triotti held the position successfully before leaving supports the conclusion that she was equally, if not more, qualified than Bradley, who had just started. Thus, Bradley's allegation that Triotti was a less qualified candidate is a "naked assertion" or "mere legal conclusion" that is not entitled to an assumption of truth, and must be disregarded. Iqbal, 129 S. Ct. at 1950.

Second, Bradley alleges that the reason given for his termination – poor job performance – was a pretext for gender discrimination. Specifically, he claims that he had never previously received negative feedback on his job performance, and that the stated rationale for his termination was only a pretext to allow Triotti to return to her previous job.

This argument also fails. The facts alleged support an allegation of pretextual termination. They do not, however, contain any support for the claim that the pretext was a cover for discrimination. While the facts point to an inference that nepotism and/or favoritism may have led to Bradley's dismissal, such biases are not actionable under Title VII or the PHRA.[3] E.g., Parks v. Rumsfeld, 119 F. App'x 382, 385 (3d Cir. 2005) ("[F]riendship or cronyism is not a basis for relief under . . . Title VII.").

Finally, Bradley alleges that civil rights cases are subject to a lower pleading standard than other cases, citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002) (affording a notice pleading standard for plaintiffs in an employment discrimination case). This contention is incorrect, as Bradley relies on outdated, superceded case-law. See Fowler, 578 F.3d at 211 (3d Cir. 2009) (stating that the Iqbal/Twombly pleading standard applies to civil rights cases, and that those cases abrogated Swierkiewicz).

Even reading his complaint in the most favorable light, the facts Bradley alleges only state a possible, but not plausible, claim. Because Bradley's complaint fails to allege any facts to support a reverse discrimination claim, the Court grants Aria's Motion to Dismiss.

B.      *Whether to Dismiss With Prejudice*

---

[3] The legal standard for claims under the PHRA is the same as those brought under Title VII. See Weston v. Pennsylvania, 251 F.3d 420, 426 n.3 (3d Cir. 2001).

A court should allow the amendment of a complaint unless it would be inequitable or futile. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). While Bradley has thus far failed to plead sufficient facts supporting his claim of reverse gender discrimination, it is not possible to conclude that he is incapable of doing so.

Accordingly, the Court dismisses Bradley's First Amended Complaint without prejudice to Bradley's right to file a second amended complaint within twenty days if he can allege facts supporting his claim that his employment was terminated based on gender animus.

## V.     CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss is granted, and plaintiff's First Amended Complaint is dismissed without prejudice to his right to file a second amended complaint within twenty days if he can allege facts supporting his claim of termination of his employment based on gender animus. Defendant's Motion for a More Definite Statement is denied as moot.

An appropriate order follows.